UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Sawyers and Lerner Building, LLC,

    Plaintiff,

Case No: 2:16-cv-11003
Honorable Denise Page Hood

v.

Auto Club Lamppost, LLC,
Patrick D. Raye, an individual, Giancarlo
DeAngelis a/k/a John DeAngelis, an
individual, and Bloomfield Technology
Park, LLC,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' EMERGENCY MOTION [#56]**

## I.    Introduction

On April 22, 2016, the parties stipulated to the Court's entry of an Order appointing a Receiver of the Receivership Property (as such terms are defined in that Order). [Dkt. No. 10] In the April 22, 2016 Order (hereinafter, the "OAR"), the parties agreed that the Receiver would be NAI Farbman (by its agent Michael Kalil). [Dkt. No. 10, Paragraph 1.1]

On October 1, 2018, Defendants filed an Emergency Motion to Retain Court Appointed Receiver or, in the Alternative, to Appoint a Successor Receiver, and for

1

Order for Plaintiff to Show Cause for Contempt of Court Order ("Emergency Motion"). [Dkt. No. 56]  The Court ordered Plaintiff to file a response no later than October 8, 2018, and Plaintiff did so.  A hearing on the Emergency Motion was held on October 11, 2018.

## II. Background

Plaintiff is a Kentucky limited liability company that is the successor in interest to 5225 Auto Club Drive Holdings, LLC.  When the OAR was entered on April 22, 2016, 5225 Auto Club Holdings, LLC held a mortgage on a commercial flex building in the City of Dearborn (the "Mortgage"), located at 5225 Auto Club Drive, Dearborn, Michigan (the "Property"), for a commercial mortgage loan (the "Loan").  At the time, Defendant Auto Club Post, LLC ("Defendant") was in default of the Loan for failing to pay all principal and interest due when the Loan matured on November 1, 2015.

On or about November 17, 2016, 5225 Auto Club Holdings, LLC endorsed the Note and assigned its interest in the Loan and Loan Documents to Plaintiff.  On February 8, 2017, the Court entered an order substituting Plaintiff for 5225 Auto Club Drive Holdings, LLC. [Dkt. No. 30]

On June 30, 2018, the Property's sole tenant vacated the Property upon the termination of its lease. Since then, the Property has remained vacant. On July 4, 2018, Plaintiff began a proceeding to foreclose on the Mortgage by advertisement.

On August 23, 2018, Plaintiff purchased the Property at a Sheriff's Sale for the price of Seven Million Five Hundred Thousand Dollars ($7,500,000.00). The Sheriff's Deed was recorded with the Wayne County Register of Deeds on September 21, 2018. Defendant's redemption period expires February 23, 2019.

In a notice dated August 23, 2018 (the same day as the foreclosure sale), Plaintiff sent Defendant (but not the Receiver) a "7 Day Notice to Make Repairs." [Dkt. No. 56, Ex. 2] On August 31, 2018 and September 3, 2018, Plaintiff's representatives demanded that the Receiver disburse to Plaintiff approximately $260,000 from the receivership account. [*See* Dkt. No. 62, Ex. 4] On September 10, 2018, Plaintiff made written demand for the removal of the receiver pursuant to Section 13.2 of the OAR. [Dkt. No. 52] In a letter dated September 11, 2018, the Receiver's counsel denied Plaintiff's request for disbursement. [Dkt. No. 56, Ex. 5]

On September 19, 2018, Plaintiff filed a state court proceeding to extinguish Defendant's redemption interest (the "State Court Proceeding"). The parties conferred on September 28, 2018, at which time Defendant advanced Plaintiff that if Plaintiff did not dismiss the State Court Proceeding, Defendant would file a motion in this Court to retain the Receiver and to show cause Plaintiff for contempt of court order. Plaintiff did not agree to do so, and Defendant filed the Emergency Motion on October 1, 2018. Two days later (on October 3, 2018), Plaintiff caused the State Court Proceeding to be dismissed without prejudice.

In the Emergency Motion, Plaintiff asks the Court to issue an order to show cause and hold Plaintiff in contempt of the OAR for "Plaintiff's direct and intentional interference with the Receiver and receivership by commencing a state court proceeding and demanding payment of receivership funds from the Receiver to Plaintiff and then refusing to comply with the [OAR] after the parties' [September 28, 2018] conference." Plaintiff also asks the Court to retain NAI Farbman (through Michael Kalil) as Receiver or appoint the Friedman Real Estate Group as successor Receiver.

### III. Analysis

Defendant argues that "Plaintiff violated and is in contempt of the [OAR] by filing the State Court Proceeding seeking to obtain possession of the Property and otherwise control the management, operation and occupancy of the Property" [Dkt. No. 56, PgID 1060] because the Receiver had full and exclusive control of the Property.[1]

### A. State Court Proceeding

Defendant asserts Plaintiff was aware Plaintiff was violating the OAR because Plaintiff drafted the OAR and was notified by the Receiver's counsel on September

---

[1] Defendant does not clearly identify what provisions of the OAR Plaintiff violated. Paragraph 8.1 provides: "Although the Receiver shall have possession and control of the Receivership Property, the Receiver shall not take title to the Receivership Property." Section 14.1 provides that the Receiver cannot be sued but, as discussed below, Plaintiff has not sued the Receiver.

28, 2018 that Plaintiff had no right to file and pursue the State Court Proceeding. In its response to the Emergency Motion, Plaintiff does not contest Defendant's assertion that Plaintiff had no right to file the State Court Proceeding. Plaintiff states only that it has caused the State Court Proceeding to be dismissed without prejudice. The Court notes that the State Court Proceeding was not dismissed until October 3, 2018, two days after the Emergency Motion was filed and four days after the parties' conference at which Plaintiff was told that the State Court Proceeding was filed in contravention of the OAR.

Plaintiff has not asserted any authority to support its right to file the State Court Proceeding, and at the hearing conceded that it did not have the right under the OAR to file the State Court Proceeding. The Court finds that Plaintiff was – or should have been -- aware that, by the terms of the OAR Plaintiff's counsel authored, that Plaintiff was violating the OAR when filing the State Court Proceeding. The Court also notes that Plaintiff was notified that Plaintiff did not have the right under the OAR to file the State Court Proceeding at a conference on September 28, 2018. Despite that notification – and Defendant advising Plaintiff that it would file a motion challenging the propriety of Plaintiff filing the State Court Proceeding, Plaintiff did not dismiss the State Court Proceeding until after Defendant filed the Emergency Motion. Since Plaintiff had no right under the OAR to file the State Court Proceeding, the Court finds that: (1) Plaintiff caused Defendant to

unnecessarily incur the expense of preparing and filing the Emergency Motion to address a State Court Proceeding that did not need to be filed; and (2) at a minimum, Plaintiff should have been dismissed the State Court Proceeding prior to Defendant filing the Emergency Motion.

For the reasons stated above, the Court concludes that Defendant may be entitled to sanctions for having to file the Emergency Motion, insofar as it was filed to challenge Plaintiff filing the State Court Proceeding. The Court shall hold in abeyance any final determination regarding sanctions until this cause of action has been resolved. Accordingly, the Court declines to issue an order to show cause to Plaintiff due to Plaintiff filing the State Court Proceeding.

**B. Request for Disbursements**

With respect to Plaintiff's request that the Receiver make distributions of up to $260,000 to Plaintiff, Defendant argues that the OAR "expressly bars interference with the Receiver or the receivership, any demands for receivership funds, or the filing of any suit against the Receiver." [Dkt. No. 56, PgID 1059 (citing Paragraph 14.1)].[2] As Defendant recognizes:

> The Receiver <u>may</u> make interim distributions of Income to Plaintiff (after payment of current operating expenses). The Receiver <u>shall</u> make interim distributions of Income to Plaintiff if the Receiver's "cash on hand" exceeds $60,000.00 unless otherwise agreed in writing by Plaintiff.

---

[2] Paragraph 14.1 bars any suit against the Receiver, but there is nothing in the record to indicate that Plaintiff sued the Receiver.

6

OAR, Paragraph 9.4 (emphasis added). Plaintiff has submitted the August 2018 Monthly Financial Report prepared by the Receiver. [Dkt. No. 62, Ex. 3] The Balance Sheet shows "Operating Cash 1" and "Total Cash" in the amount of $314,204.61. *Id.* at PgID 1263.

The Receiver denied Plaintiff's requests for disbursement, stating that "[a]fter consideration of the analysis of [Plaintiff's request for disbursement, review [of] the requirements of the [OAR] and the law governing receiverships, and analy[sis of] the status of the Receivership Property], the Receiver concludes that it is in the best interest of the Receivership Property to ***deny*** Plaintiff's request for disbursement[.]" [Dkt. No. 56, Ex. 5 at PgID 1150 (emphasis in original)] The Receiver's denial was based, in part, on its reading of Section 9.3, which addresses how Income shall be applied. The Receiver indicated that because the order of distribution of Income concludes with "any surplus to be held pending further order of the Court," i*d.*; [Dkt. No. 10, PgID 310-11, Paragraph 9.3 of the OAR], and conflicts with Paragraph 9.4, no Income should be disbursed to Plaintiff.

The Court finds that the Receiver overlooked one of the distributions in Paragraph 9.3 that is to be made prior to "any surplus to be held pending further order of the Court" (the fifth and last listed form of "distribution"). The fourth form of distribution set forth in Paragraph 9.3 provided that "Income shall be applied . . . (d) to the loan balance due Plaintiff until paid in full[.]" Assuming the first three

7

forms of distribution of Income set forth in Paragraph 9.3 could be (had been) satisfied, the Receiver should have distributed funds in excess of $60,000 to Plaintiff, as Paragraph 9.3 and 9.4 are not in conflict because the surplus would not become relevant until such time as the loan balance due Plaintiff was paid in full. For this reason, the Court finds that Plaintiff's request for disbursement was permissible. The Court rejects Defendant's contentions that Plaintiff violated the OAR when it interfered with the Receiver or the receivership in making that request. The Court finds that there is no basis for issuing an order to show cause to Plaintiff due to Plaintiff's requests for disbursement of Income in compliance with Paragraphs 9.3 and 9.4 of the OAR.

### C. Termination of Receiver; Successor Receiver

Paragraph 13.1 of the OAR provides that "This Receivership shall continue until further order of the Court." Paragraph 13.2 provides:

> The Receiver shall be removed automatically and without cause thirty (30) days after the filing of a written demand for removal signed by Plaintiff's counsel and filed with the Clerk of the Court; this removal shall be self-executing and have immediate effect upon filing with the Clerk without further order of the Court. . . . If the Receiver is removed . . . automatically by Plaintiff . . . , a successor receiver shall be appointed upon the submission of a stipulated order on behalf of Plaintiff and Defendant. If Plaintiff and Defendant cannot agree on a successor receiver, the Court will name a successor receiver by further order after a motion is filed by Plaintiff or Defendant requesting the appointment of a successor receiver.

Pursuant to Paragraph 13.2, Plaintiff's counsel's Notice of Plaintiff's Written Demand for Removal of Receiver was permissible and appropriate. Plaintiff suggests, erroneously, that Paragraph 13.2 allows "the Plaintiff, Defendant, **or** the Court [to] appoint a new [R]eceiver[.]" [*See* Dkt. No. 62, PgID 1228] As Paragraph 13.2 clearly and expressly provides:

> [A] successor receiver shall be appointed upon the submission of a stipulated order on behalf of Plaintiff and Defendant. If Plaintiff and Defendant cannot agree on a successor receiver, the Court will name a successor receiver by further order after a motion is filed by Plaintiff or Defendant requesting the appointment of a successor receiver.

The Court finds that the OAR does not permit Plaintiff (or Defendant) to appoint a new or successor Receiver. Rather, the OAR unambiguously requires that either: (a) the parties stipulate to who the successor Receiver will be; or (b) at least one of the parties must file a motion asking the Court to appoint a successor Receiver. At this time, there is no stipulation as to who the successor Receiver should be. Defendant has proposed (through a motion requesting the appointment of a successor receiver – *i.e.*, the Emergency Motion) that the Friedman Real Estate Group be the successor Receiver.[3] Plaintiff has not filed a motion to appoint a successor receiver. At the hearing, Plaintiff indicated that it would stipulate to the appointment of Friedman Real Estate Group as successor Receiver, subject to the

---

[3] Defendant's first choice would be to retain NAI Farbman (through Michael Kalil) as Receiver, but that is not a successor Receiver. Instead, it would reinstate the (current) Receiver that Plaintiff has given notice to remove.

parties agreeing on a specific individual at the Friedman Real Estate Group. To date, the parties have not notified the Court of any such individual.

## IV. Conclusion

Accordingly,

IT IS ORDERED that the Court **DENIES** Defendants' Emergency Motion [Dkt. No. 56] as it relates to ordering Plaintiff to show cause why it should not be held in contempt of court order and **GRANTS** Defendant's Emergency Motion [Dkt. No. 56] as it relates to appointing a successor Receiver.

IT IS FURTHER ORDERED that Defendant may be entitled to sanctions for having to file the Emergency Motion, insofar as it was filed to challenge Plaintiff filing the State Court Proceeding, but the Court shall hold in abeyance any final determination regarding sanctions until this cause of action has been resolved.

IT IS FURTHER ORDERED that Friedman Reals Estate Group shall serve as Receiver, provided that the parties shall submit a stipulation to the Court within 10 days of the entry of this Order identifying the individual at Friedman Real State Group who will perform as Receiver.

IT IS ORDERED.

s/Denise Page Hood
Denise Page Hood
Date: October 25, 2018 Chief United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager