UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Sawyers and Lerner Building, LLC,

    Plaintiff,

Case No: 2:16-cv-11003
Honorable Denise Page Hood

v.

Auto Club Lamppost, LLC, et al.

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO
TERMINATE RECEIVERSHIP [#63], GRANTING IN PART
AND DENYING IN PART DEFENDANTS' EMERGENCY
MOTION TO APPOINT SUCCESSOR RECEIVER AND
TO AUTHORIZE INTERIM WINTERIZATION [#67],
AND APPROVING ENTRY OF ORDER
APPOINTING SUCCESSOR RECEIVER**

**I.    Introduction**

On April 22, 2016, the parties stipulated to the Court's entry of an Order appointing a Receiver of the Receivership Property (as such terms are defined in that Order). [Dkt. No. 10] In the April 22, 2016 Order (hereinafter, the "OAR"), the parties agreed that the Receiver would be NAI Farbman (by its agent Michael Kalil). [Dkt. No. 10, Paragraph 1.1]

On October 11, 2018, Plaintiff filed a Motion to Terminate Receivership. [Dkt. No. 63] Defendants filed an untimely response, to which Plaintiff replied. Due

to the untimeliness of Defendants' response, the Court has not considered Defendants' response or Plaintiff's reply. On November 6, 2018, Defendants filed an Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization [Dkt. No. 67], and Receiver NAI Farbman and Plaintiff have responded.

## II. Motion to Terminate Receivership

In its Motion to Terminate Receivership, Plaintiff contends that the receivership is no longer necessary because: (a) the Receivership Property has been sold; (b) there are traditional legal remedies in place to adequately protect Plaintiff's interests and the collateral; and (c) there are no longer any tenants at the Receivership Property that require rents to be collected and paid.

The Court is not persuaded that the Receivership should be terminated. First, the OAR provides that the "Receivership shall continue until further order of the Court." Dkt. No. 10, Paragraph 13.1. The OAR permits Plaintiff to remove a Receiver, *id.* at 13.2, but it does not expressly allow Plaintiff to terminate the Receivership. Second, although the Receivership has been sold, it was sold to Plaintiff at a Sheriff's Sale on August 23, 2018, and Defendants' redemption period does not expire until February 19, 2019. Accordingly, Defendants' interest in the Receivership Property has not been extinguished. Third, as discussed below, Plaintiff's failure to comply with the Court's directive in its October 25, 2018 Order

to agree on the identity of the agent for the successor receiver – something to which Plaintiff's counsel agreed at an October 11, 2018 hearing – and Plaintiff's previous attempt to terminate Defendants' redemption rights in a state court action [*see* Dkt. No. 64], have not demonstrated to the Court that Plaintiff will unilaterally engage in conduct that recognizes Defendants' existing rights with respect to the Receivership Property.

For the reasons stated above, the Court denies Plaintiff's Motion to Terminate the Receivership.

### III. Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization

In its October 25, 2018 Order, the Court ordered that Friedman Real Estate Group shall serve as successor receiver, and directed "that the parties shall submit a stipulation to the Court within 10 days of the entry of this Order identifying the individual at Friedman Real Estate Group who will perform as Receiver." [Dkt. No. 64, PgID 1439] The Court issued the directive that the parties stipulate to the identity of the individual at the Freidman Real Estate Group to serve as Receiver only after counsel for both parties confirmed at the October 11, 2018 hearing that Freidman Real Estate Group would be an acceptable successor receiver. On October 29, 2018, Defendants proposed that Charles Delaney – Chief Operating Officer at Freidman Real Estate Group -- serve as successor receiver. As of November 20, 2018, Plaintiff

still had not agreed or objected to the appointment of Charles Delaney to serve as successor receiver.

In conjunction with their Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization, Defendants submitted a proposed order. [Dkt. No. 67, Ex. 3] In response to Defendants' Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization, the Receiver (NAI Farbman (through its agent, Michael Kalil)) submitted a proposed order that would terminate NAI Farbman (through its agent, Michael Kalil) as Receiver and appoint Freidman Real Estate Group (through its agent, Charles Delaney) as successor receiver. [Dkt. No. 68, Ex. 1] The Court notes that the proposed order submitted by the Receiver (NAI Farbman (through its agent, Michael Kalil)) does not address winterization of the Receivership Property. In its response to Defendants' Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization, Plaintiff asks the Court to enter the proposed order submitted by the Receiver. Defendants have not objected to the proposed order submitted by the Receiver (NAI Farbman (through its agent, Michael Kalil)).

For the reasons stated above, the Court concludes that Defendants' Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization should be granted with respect to the appointment of Freidman Real Estate Group (through its agent, Charles Delaney) as Successor Receiver and orders

that the proposed order submitted by the Receiver (NAI Farbman (through its agent, Michael Kalil) is approved and the Court shall enter it concurrently with this Order.

As the proposed order to be entered appoints the Freidman Real Estate Group (through its agent, Charles Delaney) as Successor Receiver, the Court finds that the winterization of the Receivership Property should be determined by the Successor Receiver, in accordance with the OAR. Accordingly, the Court denies Defendants' Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization with respect to Defendants' request to have FAI Farbman (through its agent, Michael Kalil)) conduct interim winterization of the Receivership Property.

### IV. Conclusion

IT IS ORDERED that Plaintiff's Motion to Terminate Receivership [Dkt. No. 63] is DENIED.

IT IS FURTHER ORDERED that Defendants' Emergency Motion to Appoint Successor Receiver and to Authorize Interim Winterization [Dkt. No. 67] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Freidman Real Estate Group (through its agent, Charles Delaney) is APPOINTED AS SUCCESSOR RECEIVER.

IT IS FURTHER ORDERED that the proposed order submitted by the Receiver (FAI Farbman (through its agent, Michael Kalil), titled "ORDER

APPOINTING SUCCESSOR RECEIVER IN LIEU OF PREDECESSOR RECEIVER," is APPROVED and shall be entered separately.

IT IS FURTHER ORDERED that the Successor Receiver (Freidman Real Estate Group (through its agent, Charles Delaney)) shall promptly determine the winterization of the Receivership Property, in accordance with the OAR.

IT IS ORDERED.

s/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated: November 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2018, by electronic and/or ordinary mail.

            s/LaShawn R. Saulsberry

            Case Manager