# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

The Sawyers and Lerner Building, LLC,

    Plaintiff,

Case No: 2:16-cv-11003
Honorable Denise Page Hood

v.

Auto Club Lamppost, LLC, et al.

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
## [ECF No. 118]

### I.  Introduction

On June 15, 2020, Plaintiff filed a Motion for Reconsideration [ECF No. 118], challenging the Court's conclusion in its May 31, 2020 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment.  Plaintiff argues that the Court erred when concluding that:

> Plaintiff has not established "a duty, separate and distinct from the contractual obligation" of Defendants under the Loan Documents, to pay Plaintiff the rents.  Accordingly, the Court finds that, even if there was a fraudulent transfer of the rents collected by Defendants, there was no duty of Defendants independent of the Assignment of Rents to pay Plaintiff such rents.

ECF No. 116, PgID 2908.

## II. Analysis

### A. *Legal Standard*

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

### B. *Analysis*

Plaintiff argues that the Court erred when determining that the Economic Loss Doctrine barred its fraudulent transfer claims in Counts V-VIII of its Complaint. Plaintiff contends that the tort claims set forth in those counts arose from a separate and distinct duty than the claims based on the underlying contract, such that they were still viable claims. Citing *Hart v. Ludwig*, 347 Mich. 559, 565 (1956), and relying on *Sudden Serv., Inc. v. Brockman Forklifts, Inc.*, 647 F.Supp.2d 811 (E.D. Mich. 2008). Plaintiff argues that the *Sudden Service* court held that a fraudulent transfer was a tort with a separate and distinct duty from the underlying contract and therefore is not barred by the Economic Loss Doctrine.

Plaintiff extensively set forth this argument, including a reliance on *Sudden Service*, in its motion for summary judgment and its response to Defendants' motion for summary judgment. The Court expressly ruled on the issue of fraudulent transfers, and noted *Sudden Service*, in its May 31, 2020 Order. ECF No. 116, PgID 2903-08. For these reasons, the Court finds that Plaintiff is "present[ing] the same issues ruled upon by the Court[.]"

Even if the Court were to assume it erred in granting Defendants' motion for summary judgment on Counts V-VIII because of the Economic Loss Doctrine, Plaintiff could not prevail on the fraudulent transfer claims. The payments to Bloomfield Tech that Plaintiff claims constituted fraudulent transfers were made for management services previously rendered by, but not paid to, Bloomfield Tech.

*See Sudden Serv.*, 647 F.Supp.2d 817-18. Accordingly, those claims are not viable. *Id.*

## I. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 118] is DENIED.

IT IS ORDERED.

                                       s/Denise Page Hood
Dated: September 24, 2020         United States District Judge